# EXHIBIT B

This Document Prepared By:
TASHA BROWN
CITIZENS BANK, N.A.
10561 TELEGRAPH RD
GLEN ALLEN, VA 23059
(877) 745-7364

When Recorded Mail To:
CITIZENS BANK, N.A.
10561 TELEGRAPH RD
GLEN ALLEN, VA 23059

Tax/Parcel #: 57-1033000

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $111,450.00          Fannie Mae Loan No.:
Unpaid Principal Amount: $34,014.59             Loan No:
New Principal Amount: $38,703.81
New Money (Cap): $4,689.22

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 30TH day of JULY, 2020, between YOLANDA WARREN ("Borrower"), whose address is 2716 WELSH ROAD, PHILADELPHIA, PENNSYLVANIA 19152 and CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION ("Lender"), whose address is 10561 TELEGRAPH RD, GLEN ALLEN, VA 23059, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated FEBRUARY 20, 2003 and recorded on MARCH 5, 2003 in INSTRUMENT NO. 50625324, of the OFFICIAL Records of PHILADELPHIA COUNTY, PENNSYLVANIA, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at,

2716 WELSH ROAD, PHILADELPHIA, PENNSYLVANIA 19152
(Property Address)

LOAN MODIFICATION AGREEMENT - Flex Mod

Page 1

the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1) As of AUGUST 1, 2020, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $38,703.81, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2) Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.1250% from JULY 1, 2020. Borrower promises to pay monthly payments of principal and interest of U.S. $189.84 beginning on the 1ST day of AUGUST, 2020 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 5.1250% will remain in effect until the principal and interest are paid in full. If on July 1, 2060 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3) If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4) Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5) Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number; (ii) Social Security Number; (iii) credit score; (iv) income; (v) payment history; (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

LOAN MODIFICATION AGREEMENT - Flex Mod

Page 3

In Witness Whereof, I have executed this Agreement.

_____    10-14-2020
Borrower: YOLANDA WARREN            Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

State of Pennsylvania
County of Bucks

This record was acknowledged before me on ___10-14-2020___
(date) by YOLANDA WARREN (name(s) of individual(s)).

_____
Signature of notarial officer

(Stamp)

Commonwealth of Pennsylvania - Notary Seal
Stephen C. James, Notary Public
Bucks County
My commission expires March 27, 2024
Commission number 1266064
Member, Pennsylvania Association of Notaries

_____
Printed Name and Title of office

My commission expires: ___03-27-2024___

LOAN MODIFICATION AGREEMENT - Flex Mod

Page 4

In Witness Whereof, the Lender has executed this Agreement.

CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION

By _____Valerie J. Moore_____ (signature)    10/20/2020
Valerie J. Moore, Vice President (print name) (title)    Date

_____ [Space Below This Line for Acknowledgments] _____

LENDER ACKNOWLEDGMENT

State of Virginia
County of Henrico

This foregoing instrument was acknowledged before me on October 20, 2020 by Valerie Moore, the Vice President of CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION, a company, on behalf of the company.

_____Morgan Hall_____
Notary Public

Printed Name: Morgan Hall
My commission expires: 09/30/2024

MORGAN PRITCHETT HALL
NOTARY PUBLIC
REG. #7873353
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES SEPT. 30, 2024

LOAN MODIFICATION AGREEMENT - Flex Mod
Page 5

EXHIBIT A

BORROWER(S): YOLANDA WARREN

LOAN NUMBER:

LEGAL DESCRIPTION:

The land referred to in this document is situated in the CITY OF PHILADELPHIA, COUNTY OF PHILADELPHIA, STATE OF PENNSYLVANIA, and described as follows:

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED:

SITUATE IN THE 57TH WARD OF THE CITY OF PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA, DESCRIBED IN ACCORDANCE WITH A PLAN OF PROPERTY MADE FOR THE FIRST DISTRICT DATED 3/19/63 AS FOLLOWS, TO WIT:

BEGINNING AT A POINT ON THE SOUTHWESTERLY SIDE OF WELSH ROAD (60 FEET WIDE) WHICH POINT IS MEASURED NORTH 2 DEGREES, 15 MINUTES, 13 SECONDS WEST 425 FEET, 1 INCH FROM A POINT ON THE NORTHWESTERLY SIDE OF MANCHESTER STREET (50 FEET WIDE), THENCE EXTENDING FROM SAID POINT OF BEGINNING SOUTH 87 DEGREES, 44 MINUTES, 47 SECONDS WEST ON A LINE AT RIGHT ANGLES WITH SAID SOUTHWESTERLY SIDE OF WELSH ROAD AND PARTLY PASSING THROUGH THE CENTER OF THE PARTY WALL OF THE HOUSE ERECTED ON THIS LOT AND THE HOUSE ERECTED ON THE LOT ADJOINING ON THE SOUTHEAST 147 FEET TO A POINT, THENCE EXTENDING NORTH 27 DEGREES, 00 MINUTES, 32 SECONDS EAST 28 FEET 7-7/8 INCHES TO A POINT, THENCE EXTENDING NORTH 87 DEGREES, 44 MINUTES, 47 SECONDS EAST ON A LINE AT RIGHT ANGLES TO SAID SOUTHWESTERLY SIDE OF WELSH ROAD, 132 FEET, 11-7/8 INCHES TO A POINT ON THE SAID SOUTHWESTERLY SIDE OF WELSH ROAD, THENCE EXTENDING SOUTH 2 DEGREES, 15 MINUTES, 13 SECONDS EAST ALONG SAID SOUTHWESTERLY SIDE OF WELSH ROAD 25 FEET TO A POINT ON SAID SOUTHWESTERLY SIDE OF WELSH ROAD BEING THE FIRST MENTIONED POINT AND PLACE OF BEGINNING.

ALSO KNOWN AS: 2716 WELSH ROAD, PHILADELPHIA, PENNSYLVANIA 19152

## Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION** (the "Lender") and **YOLANDA WARREN** (the "Borrower") dated **JULY 30, 2020** the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.

Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

_____  
Lender Signature  
By: Valerie J. Moore, Vice President  
Title:

Date: 10/20/2020

_____  
Borrower: YOLANDA WARREN

Date: 10-14-2020

LOAN MODIFICATION AGREEMENT - Flex Mod

Page 7

Date: JULY 30, 2020
Loan Number:
Lender: CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION

Borrower: YOLANDA WARREN

Property Address: 2716 WELSH ROAD, PHILADELPHIA, PENNSYLVANIA 19152

## NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.

Receipt of Notice. The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

_/s/ Yolanda Warren_                                              10-14-2020
Borrower                                                          Date
YOLANDA WARREN

LOAN MODIFICATION AGREEMENT – Plex Mod

Date: JULY 30, 2020
Loan Number:
Lender: CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION

Borrower: YOLANDA WARREN

Property Address: 2716 WELSH ROAD, PHILADELPHIA, PENNSYLVANIA 19152

## ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____    10-14-2020
YOLANDA WARREN                                      Date

Page 9

## CERTIFICATE OF RESIDENCE

**TITLE OF DOCUMENT**
LOAN MODIFICATION AGREEMENT (MORTGAGE)

**BETWEEN:**
YOLANDA WARREN (assignor/Mortgagor/grantor)

**AND:**
CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION
(assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
CITIZENS BANK, N.A. F/K/A RBS CITIZENS, N.A. S/B/M TO CITIZENS MORTGAGE CORPORATION
10561 TELEGRAPH RD
GLEN ALLEN, VA 23059

By: _____

Print Name: _____ Valerie J. Moore; Vice President

Title: _____